## EDWARD C. GIBBES v. JULIETTE WATSON.

### [45 South., 5.]

1. WILLS. *Construction. Estate devised.*

Where a testator devised his property to his wife for life with power to dispose of the same without authority from any court, and directed her to invest the proceeds unless needed for her support, she acquired a life estate, was entitled to the income for life; and a daughter to whom she gave the income can not be charged therewith in settling testator's estate after the death of the wife.

2. SAME. *Accounting between legatees.*

In such case one of the remaindermen is, after the death of the life tenant, entitled to maintain a bill against another for an accounting of bequeathed personal property which came into the latter's possession.

FROM the chancery court of, second district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Gibbes, appellant, was complainant in the court below; Mrs. Watson, appellee, was defendant there. From a decree sustaining a demurrer to certain features of the bill complainant appealed to the supreme court and from the same decree in so far as it overruled the demurrer to other features of the bill the defendant prosecuted a cross-appeal.

Henry D. Gibbes died in 1875 leaving a will in which his wife was named as executrix. He was survived by his wife, Jane C. Gibbes, and three children, Edward C. Gibbes, the appellant, Mrs. Juliette Watson, the appellee, and another child, Alester G. Gibbes, who died in 1878 without descendants. The will of Henry D. Gibbes contains the following clauses, which were before the court for construction, to-wit:

"3rd. Subject to the foregoing provision, expenses of administration, etc., I give, devise and bequeath to my beloved

wife, Jane C. Gibbes, all my property of every kind, whether real or personal, and no matter where situated, for and during the term of her natural life, and fully authorize her to sell and dispose of any parts or all of it, even the lands, if deemed advisable by her, and without any previous authority, or subsequent sanction from any court whatever, and require her to invest the proceeds of such sales as she may make by virtue of the provisions of this article, unless needed for her own expenses and support, in other property, in her discretion, and in her own name but really to become a part of my estate and to be subject, as well as all the property I now own or may die seized and possessed of, to the provisions of this article, and of those to follow."

"8th. To my daughter Juliette Adelaide Watson, I give, devise, and bequeath, subject to the provisions of the third article hereof, all my landed property on which I now live, containing six hundred and fifty-seven acres more or less, and valued at eight thousand two hundred and twelve dollars.

"9th. It is my will and desire that, after the death of my said wife, and subject to the annuity and such sum as may be required to procure the tombstone, both mentioned in the second article hereof, if my mother shall then be alive, all the property then really belonging to my estate, whether owned by me at the time of my death, or thereafter purchased by my said wife, according to the provisions of the third article hereof, except so much thereof as I have given, devised and bequeathed to my daughter Juliette A. Watson, by the eighth article hereof, shall be equally divided between and among my sons Edward C. Gibbes and Alester G. Gibbes, and my daughter Juliette A. Watson, or their descendants representing them, or any or either of them; and if either of my said three above named children shall have died before such division is made, leaving no child or other descendant, then my will and desire is that such division be made between the two of them surviving or their descendants, and if any two of them shall have so died, that then

the one surviving, or his children or other descendants shall have the whole.   But having already advanced to my son Edward C. Gibbes property estimated to be worth two thousand one hundred dollars, and to my son Alester G. Gibbes the sum of two thousand and fifty-four dollars, and having, by the eighth article of this will given, devised, and bequeathed to my daughter Juliette A. Watson, property estimated to be worth eight thousand two hundred and twelve dollars, I will and desire that in making such a division as is already provided for in this article, between my said children, or their descendants, or any or either of them and the descendants of the other or others, the said Edward C. Gibbes, or his children or descendants, shall be first charged with the said sum of two thousand one hundred dollars, and the further sum of four thousand dollars bequeathed as aforesaid to the children of the said Edward C. Gibbes, making the sum of six thousand one hundred dollars, on account of said advancements and bequests made as aforesaid to him and to his children, and the said Alester G. Gibbes, or his children or descendants, shall be first charged with the said sum of two thousand and fifty-four dollars, on account of said advancements made as aforesaid to him, and the said Juliette A. Watson, or her children or descendants, shall be first charged with the said sum of eight thousand two hundred and twelve dollars, on account of said bequest made as aforesaid to her.   And as other advancements may be hereafter made by me, or by my said wife, after my death, as executrix, as provided for in the eleventh article hereof, or as devisee and legatee as aforesaid, it is my will and desire that all such advancements shall be brought into the account, in making such division as is hereinbefore provided for, and charged to those of my said children to whom they have been made, or to their children or descendants, as the case may be."

"11th. I do hereby nominate and appoint my said wife, Jane C. Gibbes, executrix of this my last will and testament, and direct that she shall not be required to give any bond, on quali-

fying as such, or at any other time; and I hereby fully authorize and empower her, as such executrix, and as devisee and legatee as aforesaid, to make advancements in her own discretion, to any of my said children, being careful to keep within the terms and spirit of the ninth article hereof, the same to be taken into consideration as already provided for in making the division, after the death of my said wife, of the property then on hand among my said children or their children or descendants as provided for in the ninth article hereof."

Jane C. Gibbes, the widow of Henry D. Gibbes, died in 1906, and the appellee, her daughter, qualified as administratrix of her estate. Appellant filed his bill for the purpose of obtaining a settlement by the appellee of the administration of the estate of Jane C. Gibbes and of the estate of Henry D. Gibbes. The bill alleges that by the terms of the will of Henry D. Gibbes all of his property was left to Jane C. Gibbes in trust to be held by her and the income accumulated, except so much as was necessary for her support, and at her death the corpus of her estate and the accumulated income should be divided between appellant and appellee, after deducting certain charges as designated in the will of Henry D. Gibbes on account of specific devises, and that appellant and appellee should each be charged with all advances made to either of them by the executrix out of the corpus of the estate or the income of the estate. It charges further that the appellee and her husband, Samuel Watson, with whom the executrix lived, had received large amounts out of the estate of the testator, and had invested the funds so received, and that appellee had brought undue influence to bear on the executrix in order to procure funds from her, and that all funds so procured should have gone into the corpus of the estate, and the prayer was for an accounting and a settlement of both estates, and that the court should construe the will as a whole in determining whether the executrix took a life estate or a trust estate.

One of the questions raised by the demurrer to the bill was:

Even if appellee, as administratrix, is liable to account for the corpus of the estate, is she liable to account for the income of the property while in her hands? Does the will vest in the widow such an estate as gives her the absolute right to the income, or does she take the estate as trustee to hold and manage for the benefit of the devisees under the will, accumulating the income for their benefit and making it a part of the estate? The trial court sustained the demurrer on this point.

The other question raised by the demurrer was the right of the appellant to an accounting of the personal property bequeathed to Jane C. Gibbes by Henry D. Gibbes because of a settlement had between the parties after the death of Jane C. Gibbes, by which certain of the personal property was divided between them. The trial court overruled the demurrer on this point.

*Wells & Wells,* for appellant and cross-appellee.

*S. M. Shelton* and *John M. Shelton,* for appellee and cross-appellant.

[The briefs of counsel in this case could not be found by the reporter. Hence, no synopsis of them can be given in this report.]

MAYES, J., delivered the opinion of the court.

By the third item of the will of Henry D. Gibbes, Jane C. Gibbes, his wife, was given a life estate in all the property of her husband, and was therefore entitled, during her life, to all the income of the estate, and could dispose of it as she saw fit. If, during her life, she gave it to her daughter, Juliette Watson, or to the husband of Juliette Watson, Mrs. Watson cannot be forced to account for it to the other heirs, nor can it be charged against her interest in the estate of Henry D. Gibbes, left after the death of the life tenant. *Shannon* v. *Davis,* 64 Miss., 717, 2 South., 240; *Tatum* v. *McLeland,* 56 Miss., 352; *Dean* v. *Nunally,* 36 Miss., 359. Therefore we think the chancellor was

·correct in sustaining the demurrer to the bill of complaint in so far as it sought an accounting for the rents, issues, and profits of the real and personal property accruing to Jane C. Gibbes during her life and disposed of by her before her death.

We also think that the chancellor was correct in overruling the demurrer to that part of the bill which prayed for an ac-·counting of the personal property bequeathed to Jane C. Gibbes by the will of Henry D. Gibbes, alleged to be in possession of Juliette C. Watson, appellee. The settlement made between appellant and appellee only applied to the estate of Jane C. Gibbes, and had no referenec to the estate of Henry D. Gibbes.

*Affirmed on appeal and cross-appeal, and remanded.*